### FLAHERTY v. MINER et al.

(*Common Pleas of New York City and County, General Term.* April 1, 1889.)

1. EVIDENCE—RELEVANCY—WAIVER.
    Where evidence of a waiver of a stipulation of a contract is admitted without objection, it cannot afterwards be objected that it is not pleaded.
2. SAME—COMPETENCY.
    In an action for balance due for excavating a cellar, where defendant alleges an abandonment of the contract by plaintiff, and testifies that after such alleged abandonment he hired others to carry away earth, and gave a ticket for each load, and made settlements from the tickets, he cannot testify to the number of tickets he had for earth removed.
3. SAME—OPINION EVIDENCE.
    Testimony that the masons had to get an extension of time in consequence of plaintiff's delay is a conclusion and inadmissible.
4. APPEAL—REVIEW—RULINGS ON EVIDENCE.
    An exception to the allowance of a question does not require a review, when the question is not in effect answered, and the witness has previously testified in substance to the matters asked for, without objection.

Appeal from trial term.

Action by Patrick Flaherty against Henry C. Miner and others for $2,600, with interest from October 1, 1881, balance due for excavating the cellar for a building of defendants, and for $500 for extra work under verbal contract. Defendants moved to dismiss the complaint, because the certificate of the architect was not produced, and because the complaint did not state a cause of action, in that it incorporated the contract, and assigned no reason for the non-production of the architect's certificate. Defendant Miner testified that after plaintiff was alleged to have abandoned the contract he hired carts to take away the earth, and gave a ticket for each load so taken, and made his settlements from the tickets; and was asked, "How many tickets had you for earth that was removed out of that cellar?" Objection sustained, and defendants excepted. The exception at folio 285 was: Defendants' counsel proposed to show by Miner that the masons he employed to do the work had to get an extension of time in consequence of the delay of Flaherty to keep up with his contract. Objection sustained. Judgment for plaintiff for $3,145.68. Defendants appeal.

Argued before LARREMORE, C. J., and DALY and ALLEN, JJ.

*James M. Smith,* for appellants. *Abbett & Fuller,* (*Henry Schmitt,* of counsel,) for respondent.

DALY, J. The principal contention of defendants upon this appeal is that, by the contract between the parties, plaintiff was to obtain the architect's certificate as a condition precedent to payment, and that, as he had failed to obtain such certificate for the work for which he claims in this action, he ought not to recover. This objection may, I think, be disposed of by a reference to a stipulation entered into by defendants for the purposes of the trial. The plaintiff had alleged in his complaint that there had been inserted in the written contract, by mistake, (plaintiff being unable to read or write,) certain provisions, among others those relating to the architect's certificate, which were no part of the actual agreement between the parties; and he prayed that the contract might be reformed by striking out those provisions. The cause was placed upon the equity calendar of the court by plaintiff, but, upon defendants' stipulating as hereafter mentioned, the cause was stricken from the equity calendar, and a trial by jury directed. The stipulation of defendants was that the case may be tried before a jury with the same effect as if tried at the equity term as to the reformation part, and at the opening of the case defendants' counsel stated "that there was no necessity for any reformation of the contract; * * * that the defendants make no claim that the plaintiff was to do anything other than the excavating, digging, removing of all earth, boulder, and other matter, and leave sand for completion of work on the premises 312 and 314 Eighth avenue, for the sum of $3,500, payments to be made as the work progressed; that the contract did not include underpinning of adjoining premises, and rocks were to be removed by other parties."

In this statement of claim as to the obligations of plaintiff under his contract with defendants, there was an omission or waiver of any claim that payments under the contract were conditioned upon the procurement of an architect's certificate. All evidence upon the issues arising upon the pleadings as to reformation of the contract was excluded upon defendants' objections, and it would seem that the question of the architect's certificate was thus eliminated from the case. The stipulation and statement of defendants as to their claim under the contract were made in order to relieve the plaintiff and the court from trying the issue as to a reformation of the contract, and concede plaintiff's position as to the actual contract between the parties. But even if the stipulation and statement did not have this effect, and the plaintiff were bound under his contract to procure the architect's certificate, there was abundant proof in the case to show the defendants waived this requirement. That question, together with the issue of fact as to the alleged abandonment of the work by plaintiff, was submitted fairly to the jury, and their verdict in plaintiff's favor has ample evidence to sustain it. The evidence of waiver was admitted without objection, and defendants could not afterwards object that it had not been pleaded.

The exceptions of defendants were not well taken. The motions to dismiss the complaint were properly denied. The judge's charge was proper. The exception at folio 210 was not good, as the questions as to the architect's certificate were out of the case. The exception at folio 267 was not well taken, as the question did not call for the earth removed, but the "number of tickets" upon which defendants settled with third parties for cart-loads of earth. The exception at folio 285 was not well taken, as the question called for a conclusion. There is no exception at folio 201. The exception at folio 331 does not call for a revisal because the question allowed to be put to the witness was not in effect answered. The previous answer of the witness, which was not objected to, contained in substance the same testimony as that objected to. The judgment should be affirmed, with costs. All concur.